Whitaker, Judge,
dissenting:
When the Government took plaintiff’s vessel it impliedly agreed to pay it just compensation for its use. Just compensation consists of the reasonable hire for the use of the vessel, plus whatever damages were caused plaintiff as a result of the taking. Eeasonable hire for the use of the vessel has been paid, and a part of the damages incident to the taking has been paid, but not all. The part paid is the lost revenue booked at Shanghai, which plaintiff had to cancel. This amounted to $5,740.77. But this is not all the damage suffered by plaintiff. It was necessary for the vessel to get back on schedule. In order to do this it spent, as the findings show, $555.39 for extra fuel consumed as a result of speeding up the vessel to make the crossing in 11 days instead of 12, and in the unusual overtime paid longshoremen in unloading and reloading the vessel at Seattle, as a result of which 5 days of lost time were made up. As the findings show, this amounted to $3,132.52. This money *393 was spent by plaintiff to regain tbe position in wbicb it would have been bad tbe taking not occurred.
Tbe majority opinion apparently concedes that plaintiff was entitled to be paid its damages represented by lost revenue. By tbe same token it seems to me it is entitled to be paid tbe money it had to spend to get back on schedule, wbicb, concededly, it was necessary to do in order for tbe vessel to earn normal profits.
Tbe majority opinion denies plaintiff these expenses only because plaintiff did not show by how much its revenue on tbe homeward voyage was below normal. It seems to me, however, that this is not tbe test by which to determine plaintiff’s right to recover. Even though plaintiff’s revenue bad been greater on this voyage than on other voyages, I think it would still be entitled to recover reasonable compensation for the use of its vessel, plus losses incident to its requisition, offset only by whatever advantages may have accrued to it as a result of the requisition.
All trips made by a vessel are not equally profitable. This one may have been one that would have been more profitable than others, independent of the requisition of its vessel. If so, this extra profit cannot be used to offset plaintiff’s claim for just compensation. The only permissible offset is any advantage that plaintiff reaped as a result of the requisition.
The State Department recognized that plaintiff’s revenues had been decreased as a result of the requisition by the lost revenue at Shanghai, and it evidently thought that the requisition had not brought it additional revenue on the homeward voyage or it would seem it would have offset one by the other. The payment of $5,740.77 was justified only on the theory that plaintiff had lost this much revenue as a result of the requisition and that it had not secured other revenue as a result of it.
The stipulation entered into between the parties shows that plaintiff furnished the State Department with various and sundry documents relating to this voyage, among which was included an “analysis of earnings and expenses of voyage.” This analysis was offered in evidence by the defendant, but was excluded on the plaintiff’s objection, to which the defendant took an exception. I think it should have been *394 received in evidence for what it was worth and should now be considered by the court.
It showed the revenue from freight, passengers, baggage, mail, bar and news, slop chest, and miscellaneous revenue. It also itemized in detail the various items of expense, some 75 in number. Apparently the State Department had before it what it thought was sufficient data from which to determine whether or not plaintiff had been able to recoup the lost Shanghai revenue by other revenue gained as a result of the requisition. Plaintiff’s total gross revenue on voyage 65 was $184,578.05, on voyage 66 it was $162,521.58, and on the voyage in question (67) it was $186,584.02, which includes, of course, the $14,184.67 of revenue collected on the requisition voyage.
The analyses show a large decrease in mail revenue, some increase in revenue from freight, and a large increase in passenger revenue. Whether either the increases or the decrease was due to the requisition is not shown, and we can indulge no assumption one way or the other. The decrease was evidently not due to the requisition or the plaintiff would have shown it. If the increases were due to it the defendant must show them before it is entitled to an offset. In its exceptions to the commissioner’s report and in its brief the defendant makes no such claim.
Plaintiff’s petition is grounded alone on increased expenses incurred due to the requisition. It has proven to the satisfaction of the commissioner and of the court'that it incurred additional expenses for fuel and longshoremen’s wages. These are plainly the result of the requisition. If any savings were effected as a result of making the homeward trip in a lesser number of days the defendant does not claim it, and has not shown it. This is a matter of defense. Plaintiff’s claim should not be denied because there is a possibility there might have been savings in expenses or that some of plaintiff’s increased passenger and freight revenue might have been due to the requisition.
Although I do not think it material whether or not this voyage was operated at a profit or a loss, it nevertheless appears that it was operated at a loss, after taking into account the drydock charges referred to in the majority opinion.
*395 I think plaintiff is entitled to recover these two items amounting to $3,687.91.
Jones, Judge, took no part in the decision of this case.